USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/16/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

BRAULIO THORNE, on behalf of himself and all others similarly situated,

        Plaintiff,

v.

THE HARTFORD FINANCIAL SERVICES GROUP, INC.,

        Defendant.

------------------------------------------------------------x

18-cv-02360 (LGS)

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, plaintiff Braulio Thorne ("Plaintiff") and defendant The Hartford Financial Services Group, Inc. ("The Hartford") stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until June 1, 2021 for the sole purpose of enforcement of the parties' obligations under Section 2(C) of the parties' Confidential Settlement Agreement and Release of Claims. Section 2(C) of the Confidential Settlement Agreement and Release of Claims reads as follows:

      The Hartford shall, within thirty-six (36) months of the Effective Date, use good faith efforts to cause those portions of the Website or Websites that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities within the meaning of the ADA to gain the same information with an ease of use substantially equivalent to that of a non-disabled person using the Website(s) ("ADA Compliant"). The Parties agree that being in substantial conformance with WCAG 2.0 Level AA or WCAG 2.1 shall constitute "ADA Compliant," but that substantial conformance with WCAG 2.0, Level AA or WCAG 2.1 is neither the test for ADA Compliance nor the sole method of achieving ADA Compliance. The Parties further agree that, notwithstanding anything contained in this provision or in this Agreement, the Website(s) shall be permitted to link to websites owned or operated by others containing Third-Party Content (as defined below) that may not be accessible to individuals with disabilities. The Parties further agree that ADA Compliant shall include substantial conformance with any standard later established or recognized by the United States Supreme Court, any U.S.

Circuit Court of Appeals or the U.S. Department of Justice. (The term "Third-Party Content" refers to web content that is not developed, owned, or operated by Defendant.) However, if a judicial, legislative or regulatory body enacts any legislation or rule, or if the United States Supreme Court, the U.S. Circuit Court of Appeals for the Second Circuit, or a New York State appellate court renders a decision, pursuant to which the Website(s) is/are not considered a place of public accommodation or business establishment under the Disability Laws, it is understood that The Hartford will be relieved of the obligations set forth in this Section 2(C). If Defendant's ability to meet the deadline for compliance with this Section 2(C) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline. If the Parties cannot reach an agreement regarding an extended deadline after such meet-and-confer efforts, either Party will have the right to seek judicial relief.

Each party shall bear his or its own fees, costs and attorneys' expenses.

DATED: July 13, 2018

Respectfully submitted,

JOSEPH H. MIZRAHI LAW, PC, attorneys for Thorne

By: Joseph H. Mizrahi Esq.

GOTTLIEB AND ASSOCIATES, attorneys for Thorne

By: Jeffrey M. Gottleib, Esq.

*Attorneys for Plaintiff Braulio Thorne*

DATED: July 13, 2018

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:   Evan B. Citron

*Attorneys for Defendant*
*The Hartford Financial Services Group, Inc.*

Dated: July 16, 2018
New York, New York

SO ORDERED

HON. LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2